# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON REED,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVID E. ORTIZ,<br><br>　　　　Respondent. | Civil Action No. 19-20071 (RBK)<br><br>**OPINION AND ORDER** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and with the following caveats, has determined that dismissal without an answer and the record is not warranted.

In his pleading, Petitioner contends that his 96-month federal sentence should be running concurrently with his 18-month Pennsylvania state sentence. Petitioner maintains that it was the intent of his federal sentencing court, to have his federal sentence run concurrently with his state sentence, so that he served no more than 96 months in prison. Petitioner avers that "Pennsylvania is not honoring the [federal court's] intent" that the sentences run concurrently, and has instead lodged a detainer against Petitioner, intending for Petitioner to serve his 18-month state sentence consecutively. (ECF No. 1-2, at 2).

Petitioner sets forth a number of challenges, but ultimately seeks two forms of relief: (1) have this Court "restructure" his federal sentence and release him 18 months early, so as to comport with the sentencing court's intent that he serve 96-months cumulatively; or (2) declare his state sentence and detainer unconstitutional or invalid, or otherwise change sentence to run concurrently with his federal sentence.

As to Petitioner's first request for relief, this Court generally has jurisdiction under § 2241, which "confers . . . jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *see Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011) (finding jurisdiction under § 2241 to consider a claim that the BOP has miscalculated a sentence).

Petitioner's second request for relief, however, challenges the execution of his state sentence. This Court does not have jurisdiction under § 2241, to grant such relief. "A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241." *E.g.*, *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) (citing *Coady*, 251 F.3d at 485).

Accordingly, the Court will dismiss without prejudice the Petition to the extent it challenges Petitioner's *state* sentence but allow the remainder of the Petition, which challenges the execution of his *federal* sentence, to proceed. If Petitioner wishes to challenge his state sentence, he may file a § 2254 petition under a new docket number, with all of the claims he wishes to raise.

THEREFORE, IT IS on this <u>20th</u> day of March 2020,

**ORDERED** that Petitioner's claims challenging his state sentence are DISMISSED WITHOUT PREJUDICE, for lack of jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank § 2254 habeas corpus petition form, AO 241 (modified): DNJ-Habeas-008 (Rev. 01-2014); and it is further

**ORDERED** that if Petitioner wishes to pursue a § 2254 petition, he shall so notify the Court, in writing, indicating that *he wishes to file a new petition under a new docket number*, addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth

and Cooper Streets, Camden, New Jersey, 08101, along with a § 2254 petition on the proper form; and it is further

**ORDERED** that the remainder of the Petition shall PROCEED; and it is further

**ORDERED** that the Clerk shall serve a copy of the Petition (ECF No. 1) and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall forward a copy of the Petition (ECF No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within sixty (60) days of the date of the entry of this Opinion and Order, Respondent shall file and serve an answer which responds to the allegations and grounds in the Petition and which includes all affirmative defenses Respondent seeks to invoke; and it is further

**ORDERED** that Respondent shall file and serve with the answer certified copies of all documents necessary to resolve Petitioner's claim(s) and affirmative defenses; and it is further

**ORDERED** that within sixty (60) days of receipt of the answer, Petitioner may file a reply to the answer; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

 s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge