UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AARON REED,

    Petitioner,

v.

DAVID E. ORTIZ,

    Respondent.

Civ. No. 19-20071 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, a federal inmate incarcerated at FCI Fort Dix, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed an Answer, (ECF No. 6.), and Petitioner did not file a reply. For the following reasons, the Court will deny the Petition.

### I.    BACKGROUND

As set forth in the Court's earlier Opinion:

> In his pleading, Petitioner contends that his 96-month federal sentence should be running concurrently with his 18-month Pennsylvania state sentence. Petitioner maintains that it was the intent of his federal sentencing court, to have his federal sentence run concurrently with his state sentence, so that he served no more than 96 months in prison. Petitioner avers that "Pennsylvania is not honoring the [federal court's] intent" that the sentences run concurrently, and has instead lodged a detainer against Petitioner, intending for Petitioner to serve his 18-month state sentence consecutively.
>
> Petitioner sets forth a number of challenges, but ultimately seeks two forms of relief: (1) have this Court "restructure" his federal sentence and release him 18 months early, so as to comport with the sentencing court's intent that he serve 96-months cumulatively; or (2) declare his state sentence and detainer unconstitutional or invalid, or otherwise change sentence to run concurrently with his federal sentence.

(ECF No. 4 (citation omitted).)

At screening, the Court dismissed the claims challenging his state sentence for lack of jurisdiction. (*Id*. at 2.) The Court allowed Petitioner's claims related to the computation of his federal sentence to proceed. Respondent filed an Answer, (ECF No. 6.), and Petitioner did not file a reply.

## II.   STANDARD OF REVIEW & JURISDICTION

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

2

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the computation of his federal sentence on constitutional grounds, and he was incarcerated in New Jersey at the time he filed the Petition. *Jones v. Warden McKean FCI*, 714 F. App'x 166, 168 (3d Cir. 2017).

### III.   DISCUSSION

Respondent contends that the Court should deny the Petition for Petitioner's failure to exhaust his administrative remedies. According to Respondent, Petitioner has never filed an administrative remedy while in BOP custody. (ECF No. 6, at 4.)

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Courts require exhaustion for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996); *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

Nevertheless, courts may excuse exhaustion where it would not promote these goals. *See, e.g.*, *Gambino*, 134 F.3d at 171 (finding that exhaustion is not required where petitioner demonstrates futility); *Lyons*, 840 F.2d at 205 (noting that courts may excuse exhaustion where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm").

With those principles in mind, according to the BOP's records, Petitioner has never filed an administrative remedy regarding his sentence, or on any other issue. (ECF No. 6-1, at 2, 9.) Petitioner had the opportunity to respond to these allegations, but he never filed a reply. Further, the Petition does not allege any facts that would permit the Court to find that exhaustion would be futile, that requiring exhaustion would subject Petitioner to irreparable injury, or any other reason to excuse exhaustion. Consequently, the Court will deny the Petition for Petitioner's failure to exhaust his administrative remedies.

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny the Petition. An appropriate Order follows.


Dated: July   27  , 2021                           s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge